UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY RAY,

    Plaintiff,

v.                                                      Case No. 8:19-cv-2758-TPB-SPF

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO LIABILITY AND
FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S
AFFIRMATIVE DEFENSES NUMBERED 3, 4, 5, AND 6**

This matter is before the Court on "Plaintiff's Motion for Partial Summary Judgment as to Liability and for Partial Summary Judgment on Defendant's Affirmative Defenses Numbered 3, 4, 5 and 6," filed on May 14, 2021. (Doc. 24). On June 4, 2021, Defendant United States of America filed its response in opposition. (Doc. 25). On June 8, 2021, Plaintiff filed her reply. (Doc. 26). Upon review of the motion, response, reply, record, and court file, the Court finds as follows:

**Background**

On November 14, 2017, Plaintiff Kimberly Ray was injured in a motor vehicle accident in Manatee County, Florida. The driver of the vehicle – Jon-Michael Pallone – was an employee of the United States Department of Veterans Affairs ("VA"), an agency of the United States of America, and he was acting within the scope of his employment at the time of the accident. On November 6, 2019, Plaintiff

filed her complaint, asserting a single negligence claim against Defendant United States of America under the Federal Tort Claims Act.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A properly supported motion for summary judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).  When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995).  If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

Plaintiff argues that she is entitled to summary judgment as to liability and as to affirmative defenses 3, 4, 5, and 6.  Defendant opposes the motion, asserting that the issue of comparative negligence precludes summary judgment.

Comparative negligence requires a factual assessment of comparative fault at the liability stage. *Narvaez v. Circle K. Stores, Inc.*, No. 8:14-cv-1549-T-TBM, 2015

WL 12762061, at *3 (M.D. Fla. May 14, 2015) (citing *Rodriguez v. Target Corp.*, No. 14-CIV-21115, 2014 WL 4954252, at *6 (S.D. Fla. Oct. 2, 2015)).  "Because the inquiry under comparative negligence concerns the respective liability of the parties, unresolved facts as to the negligence of one party preclude entry of judgment as a matter of law." *Id*.  Here, Defendant has pointed to evidence to create material issues of fact as to the cause of Plaintiff's injuries.  Specifically, there are issues of fact as to whether Plaintiff exercised due care or was comparatively at fault when she failed to observe the VA vehicle, and whether an unknown third party was comparatively negligent when waving Defendant through lanes of traffic.  The motion for partial summary judgment is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. "Plaintiff's Motion for Partial Summary Judgment as to Liability and for Partial Summary Judgment on Defendant's Affirmative Defenses Numbered 3, 4, 5 and 6" (Doc. 24) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of June, 2021.

            **TOM BARBER**
            **UNITED STATES DISTRICT JUDGE**